IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLY MILES,

    Plaintiff,

v.

STATE OF ILLINOIS,
PINCKNEYVILLE CORRECTIONAL
CENTER, PERRY COUNTY, ILLINOIS,
C/O TRENT, C/O FILKINS, S. BROWN,
J. SADDLER, DAVID W. MITCHELL,
ADEWALE KUFORIJI, and
ROB JEFFREYS,

    Defendants.

Case No. 23-cv-3567-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville").[1] Miles's original Complaint, alleging defendants

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles*

failed to provide him with a legal box contract, was dismissed without prejudice for failure to state a viable claim (Docs. 1, 10). Miles was granted leave to file an amended pleading (Doc. 10). In his First Amended Complaint (Doc. 15), Miles again alleges that he failed to receive a legal box contract. He also alleges that some of his legal materials went missing while at Pinckneyville.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In the First Amended Complaint, Miles makes the following allegations: On January 1, 2019, while at Jacksonville Correctional Center, the property officer directed Miles to transfer his legal property from a gray storage box to a brown cardboard box (Doc. 15, p. 8). Miles was also issued a legal box contract.

On November 1, 2021, Miles was transferred to Pinckneyville. On December 7, 2021, Miles went to the law library to review the materials in his legal storage box (*Id.*). He noted that his property had been transferred from the cardboard box to a gray storage

---

11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

box outside of his presence (*Id*.). Miles alleges that some of the items from his box were missing, including unidentified legal books and papers (*Id*.). Miles maintains that the property officers at Pinckneyville failed to contact him about the transfer of his property from one box to the other (*Id*.). Miles also never received a legal box contract from the property officers (*Id*.). On December 10, 2021, Miles spoke to the property officer, C/O Trent, but Trent refused to give Miles any relief (*Id*. at p. 9). C/O Filkins, another property officer at Pinckneyville, also refused to provide Miles with relief (*Id*.).

Miles filed a grievance about the issue, but the grievance was denied by counselor S. Brown, who noted that there was no policy prohibiting the transfer of property from one storage container to another container (*Id*. at pp. 8-9). Miles's grievance also was denied by grievance officer J. Saddler, warden David W. Mitchell, Administrative Review Board member Adewale Kuforiji, and director Rob Jeffreys (*Id*. at pp. 9-10).

## Discussion

Simply put, Miles again fails to state a claim because he fails to tie his allegations to a constitutional violation. Although he alleges that his legal items were transferred to another storage box outside of his presence and he was not provided with a legal box contract, those allegations do not amount to a constitutional violation. At most, his allegations amount to a violation of prison policy or regulation, which does not state a claim. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

Miles also alleges that documents and legal books went missing from his box, but he does not allege that those documents or books prevented him from pursuing a legitimate challenge to his conviction, sentence, or prison conditions, allegations which

3

might state a valid access-to-courts claim. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (quotations omitted). And he fails to allege that any of the defendants destroyed or removed the missing legal materials. He alleges that he spoke to C/O Trent and C/O Filkins about his concerns and they "refuse[d] to give [him] relief" but he fails to allege that they were personally involved in the transfer or loss of any of the described materials (Doc. 15, p. 9). He also alleges that a number of officials denied his grievances, but grievance officials cannot be liable for simply responding to or denying grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Finally, Miles cites to numerous statutes, stating that he qualifies as a disabled individual under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), suffers from a serious mental illness, and is protected by the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). But Miles fails to offer any allegations to suggest a violation of any of these statutes.

For these reasons, Miles again fails to state a claim. This is Miles's second attempt to state a viable claim, and he has been unable to do so. The Court finds that a further

amendment would be futile. The First Amended Complaint is, thus, **DISMISSED with prejudice**. Miles's motion for counsel (Doc. 17) is **DENIED as moot**.

## Disposition

For the reasons stated above, Miles's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Miles's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Miles is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 27, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**